PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD J. SMITH, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:20CV1826 ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) |
| U.S. BANK NATIONAL ASSOCIATION, *etc.*, *et al.*, | ) ) **MEMORANDUM OF OPINION** ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 3] |

*Pro Se* Plaintiffs Ronald J. Smith and Nancy L. Smith filed this action under the Fair Debt Collection Practices Act against U.S. Bank, National Association; U.S. Banks, NA; J.P. Morgan Chase Bank, National Association; U.S. Bank National Association; Select Portfolio Servicing, Inc.; Manley Deas & Kochalski, LLC; and, Carpenter Lipps & Leland, LLP. In the Complaint (ECF No. 1), Plaintiffs allege that the entity that ultimately filed the eviction action is not the same entity that held the mortgage at the time the judgement of foreclosure was entered, or the same entity that was granted a lift of the stay in bankruptcy court. They seek an Order from this Court enjoining the eviction scheduled for September 3, 2020, reversal of judgments, return of title to the home, and monetary relief.

**I. Background**

This case is the latest installment of fifteen-year-foreclosure-related litigation in this federal court, state court, and bankruptcy court. In March 2004, Plaintiffs refinanced their home for $528,500.00 with a mortgage in favor of Motion Financial and Encore Credit Corp

(4:20CV1826)

("Encore"). After the loan refinance was executed, the loan was sold to Bear Stearns Asset-Backed Securities LLC Asset-Backed Certificates Series 2004-HE5, a securitized Trust. On May 10, 2005, the Mortgage was assigned to LaSalle Bank National Association ("LaSalle"), as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC Asset-Backed Certificates Series 2004-HE5 (the Trust).

Plaintiffs defaulted on the loan. On October 18, 2005, LaSalle filed a foreclosure action against Plaintiffs and others in Mahoning County, Ohio Court of Common Pleas Case No. 2005 CV 03869. After an evidentiary hearing, the state court granted LaSalle's motion for summary and default judgment, and entered judgment against Plaintiffs on January 12, 2007. The state court ordered the Mahoning County Sheriff to appraise and sell the property at Sheriff's sale to satisfy the judgment. A series of foreclosure sales were scheduled, but were withdrawn for various reasons, including a bankruptcy filing in 2007.

On June 17, 2008, Plaintiffs filed a complaint in the U.S. District Court for the Northern District of Ohio against Encore, Bear Stearns Residential Mortgage Corporation, Option One Mortgage, Motion Financial, and Ellyn Klein Grober, alleging several claims, including violations of the Fair Credit Reporting Act. In December 2008, the district court dismissed the federal claims with prejudice for failure to state a claim. *See Smith v. Encore Credit Corp.*, No. 4:08CV1462 (N.D. Ohio Dec. 9, 2008) (Polster, J.).

On May 1, 2009, Plaintiffs filed a state court action against LaSalle, Encore, Bear Stearns Residential Mortgage Corporation, Option One Mortgage, Motion Financial, Ellyn Klein Grober, Bank of America, and JPMorgan Chase. On May 31, 2011, the state court action was dismissed

2

(4:20CV1826)

for failure to state a claim. From 2011 to 2017, Plaintiffs filed several motions in state court to vacate the foreclosure judgment to no avail.

In June 2017, Plaintiffs filed another action in the Northern District of Ohio asserting claims against U.S. Bank (the successor-in-interest to LaSalle) and the loan servicer asserting claims under the Fair Credit Reporting Act, the Fair Debt Credit Practices Act, and Federal Trade Commission Act. *See* [Smith v. US Bank National Association, No. 4:17CV1142 (N.D. Ohio June 2, 2017)](#) (Pearson, J.). The Court dismissed the action on September 19, 2018. *See* Memorandum of Opinion and Order ([ECF No. 44](#)) and Judgment Entry ([ECF No. 45](#)). Plaintiffs appealed that decision, and the U.S. Court of Appeals for the Sixth Circuit Court affirmed the judgment of the district court. [Smith v. US Bank National Association, No. 18-3963 (6th Cir. July 10, 2019)](#).

Plaintiff Ronald J. Smith filed another bankruptcy in 2019. [In Re: Ronald Joseph Smith, No. 19-40227-rk (Bkrtcy. N.D. Ohio filed Feb. 19, 2019)](#). Defendants sought relief from the automatic stay in bankruptcy court to enable the property to be sold at Sheriff's sale. On September 30, 2019, the bankruptcy court granted that motion, stating that the property was protected from the stay of any bankruptcy court filing for a period of two years. That bankruptcy is still pending.

Defendants notified the foreclosure court that the stay had been lifted. Plaintiffs attempted to stop the Sheriff's sale and asserted the entity that requested the stay from the bankruptcy court was not the entity seeking to proceed with the Sheriff's sale. The state court denied Plaintiffs' motion and issued an order to the Sheriff in November 2019 to sell the property

(4:20CV1826)

at Sheriff's sale. The property was sold at Sheriff's sale on February 18, 2020. The state court confirmed the sale. Plaintiffs filed additional motions to vacate the sale, but none were granted by the state court.

The purchaser of the property filed an eviction action against Plaintiffs in state court. Plaintiffs indicate that the state court granted judgment in favor of their eviction, which is scheduled to take place on September 3, 2020. They ask this Court to stop the eviction, enjoin the execution of the judgment, and grant them damages. Specifically, Plaintiffs argue that the bankruptcy court lifted the stay for an entity other than the Trust and therefore Defendants could not proceed with the sale. They contend this violated the terms of the automatic stay. Plaintiffs also allege that the foreclosure court granted the Trust's request for an alias praecipe for Order of Sale based on false information in violation of the Fair Debt Collection Practices Act. Plaintiffs also assert state law claims for conspiracy, unjust enrichment, and slander of title.

## II. Standard for Dismissal

The Court is required to construe Plaintiffs' *pro se* complaint liberally and to hold the Complaint (ECF No. 1) to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also

(4:20CV1826)

authorized when the asserted claims lack an arguable basis in law, or if the district court lacks subject-matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III. Law and Analysis

This foreclosure matter has been thoroughly litigated in state and federal courts for 15 years, beginning with the foreclosure action that was filed in 2005, to a state court civil action filed by Plaintiffs, to two federal court actions and multiple bankruptcy filings, to the Sheriff's sale, and finally the eviction. Plaintiffs have asserted numerous theories for relief, all of which failed to produce relief from the foreclosure.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in the case at bar. The claims asserted in this action could and should have been asserted in the bankruptcy court, and/or

(4:20CV1826)

the state foreclosure court. In fact, Plaintiffs did assert, in the foreclosure action, their claim pertaining to the parties who could benefit from the lifting of the bankruptcy stay. The state court did not rule in Plaintiffs' favor on that claim. The other issues were litigated in the two prior federal cases, as well as the bankruptcy case and the state court cases. Plaintiffs are barred from litigating these issues again by the doctrine of *res judicata*.

Furthermore, the Court lacks subject-matter jurisdiction to overturn a state court judgment or enjoin state court proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining the state court eviction proceedings. The *Rooker-Feldman* doctrine prohibits the Court from overturning the state court judgments of foreclosure and eviction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Court cannot grant the relief Plaintiffs request.

### IV. Conclusion

Accordingly, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P 65(b) (ECF No. 3) is denied and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| August 28, 2020 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |