PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD J. SMITH, et al., ) | |
| ) | CASE NO. 4:20CV1826 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| U.S. BANK NATIONAL ) | |
| ASSOCIATION, etc., et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 7 and 8] |

Pending are Plaintiffs' Emergency Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 7) and Emergency Request for Expedited Ruling on Pending Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 8). As stated in the Court's Memorandum of Opinion and Order (ECF No. 5), this case is the latest installment of foreclosure litigation that has spanned 15 years in multiple state and federal courts. In this case, Plaintiffs claimed that the entity that obtained the foreclosure judgment is no longer in existence, and the entity which acquired the winning bid at Sheriff's sale lacks standing to benefit from the lifted bankruptcy stay or to file the eviction action pending in state court. The Court dismissed this case as barred by *res judicata*, the *Rooker-Feldman* doctrine and the Anti-Injunction Act. Plaintiffs have now filed the within motions asking this Court to reconsider its dismissal of the case and seeking an injunction to prevent their eviction now scheduled for September 24, 2020. They argue that *res judicata*, the *Rooker-Feldman* doctrine, and the Anti-Injunction Act do not apply because the foreclosure judgment was obtained by an entity other than the entity that seeks their eviction.

(4:20CV1826)

I.

A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08CV2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) (Zouhary, J.) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

In their motion, Plaintiffs contend that there was a clear error of law in the Court's Memorandum of Opinion and Order (ECF No. 5). They claim *res judicata* does not apply because the original party to the foreclosure action, LaSalle, no longer exists. The debt was assigned to another entity, which assigned its winning bid at Sheriff's sale to yet another entity. Plaintiffs rationalize that the entity that acquired the debt and the entity with the winning bid at Sheriff's sale cannot benefit from the bankruptcy court's lifting of the stay and lack standing to pursue the eviction action.

2

(4:20CV1826)

Plaintiffs made those arguments in their Complaint (ECF No. 1). The viability of the underlying claims is irrelevant to the Court's determination. The issue of whom can benefit from the lifted bankruptcy stay should have been raised in the bankruptcy court. If that entity were in violation of the bankruptcy order, the bankruptcy court has the authority to enforce its order. Similarly, the issue of standing to file an eviction should have been raised in the eviction action. The doctrine of *res judicata* prohibits Plaintiffs from filing a separate civil action to litigate issues that should have been addressed in other actions. As successors and assigns,the entities acquiring the debt are in privity with LaSalle. See *Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir.1999). Furthermore, issue preclusion applies when the party against whom *res judicata* is asserted was a party to the prior action or is in privity with a party to the prior action. *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). Mutuality between the parties is not required so long as the plaintiff previously had a full and fair opportunity to litigate the contested issue. *McAdoo v. Dallas Corp.*, 932 F.2d 522, 523 (6th Cir. 1991).

Plaintiffs were parties in the bankruptcy case, as well as the foreclosure and eviction actions. The difference in defendants does not render issue preclusion inapplicable. In addition, the Court cannot overturn the judgments of the state courts in either the foreclosure action or the eviction action and cannot enjoin the eviction action.

Plaintiffs have not asserted a clear error of law. They simply argue that the Court should have ruled in their favor. Therefore, Plaintiffs' Emergency Motion to Alter or Amend Judgment (ECF No. 7) and Emergency Request for Expedited Ruling (ECF No. 8) are denied.

(4:20CV1826)

II.

The jurists in this District have been understandably patient with Plaintiffs' *pro se* filings.[1] There comes a time, however, when Plaintiffs can no longer be allowed to use the judicial system to forestall the execution of the foreclosure judgment. A court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991). To this end, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious litigants. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. March 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). After a careful review of Plaintiffs' conduct in this and other cases, it has become apparent that it is necessary to impose some restrictions on Plaintiffs' ability to continue to use the court system to forestall the execution of the foreclosure judgment. Plaintiffs are therefore enjoined, jointly and individually, from filing any additional post-judgment motions in this case, and from filing any additional lawsuits in this Court pertaining to the foreclosure or eviction actions.

III.

---

[1] *See In Re: Ronald Joseph Smith*, No. 19-40227-rk (Bkrtcy. N.D. Ohio filed Feb. 19, 2019); *Smith v. U.S. Bank N.A.*, No. 4:19CV2682 (N.D. Ohio filed Nov. 15, 2019) (Pearson, J.); *see also Smith v. US Bank National Assn*, No. 18-3963 (6th Cir. filed Oct. 10, 2018); *Smith v. US Bank National Assn*, No. 20-3150 (6th Cir. filed Feb. 10, 2020).

(4:20CV1826)

Accordingly, Plaintiffs' Emergency Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 7) and Emergency Request for Expedited Ruling on Pending Rule 59(e) Motion to Alter or Amend Judgment (ECF No. 8) are denied.

Furthermore, Plaintiffs, jointly and individually, are enjoined from filing additional post-judgment motions in this case and are further enjoined from filing any new actions in this Court pertaining to the foreclosure or eviction actions. The Clerk's Office is ordered to return, unfiled, any additional post-judgment motions or new actions pertaining to the foreclosure or eviction actions.

IT IS SO ORDERED.

| | |
|---|---|
| September 10, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

C:\Users\harrigsp\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\21YJ50IB\20-1826 Smith v. U.S.Bank MOO2.wpd